[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR RECONSIDERATION (#112)
The plaintiff seeks reconsideration of the court's order dated January 18, 1994, denying the plaintiff's motion for deficiency judgment.
The plaintiff's motion was scheduled on January 18, 1994, for a hearing. The defendants' attorney appeared at short calendar, ready to proceed. However, the plaintiff's attorney was not present. The defendants' counsel represented to the court that the matter had previously been assigned subsequent to a ruling made by Judge West on December 13, 1993, and the matter was continued at the plaintiff's request. The defendant also represented to the court that he had notified plaintiff's counsel that he was prepared to go forward on the date the matter was scheduled for short calendar, January 18, 1994. CT Page 1613
The plaintiff's attorney indicates that she was stranded in Florida because of a snow storm and was unable to attend the short calendar assignment on January 18, 1994. She indicates that a letter was sent via FAX to the defendants' attorney on January 18, 1994, at about 9:30 a.m., informing Mr. Ghent of the unavailability of plaintiff's counsel, Ms. Kitteredge, due to the weather. Mr. Ghent did not stop at his office prior to his appearance in court on January 18, 1994, and consequently did not receive the letter.
Before the court acted on Mr. Ghent's request to deny the plaintiff's motion for deficiency, the court asked Mr. Ghent to contact the plaintiff's office to determine why no one appeared in connection with the instant motion. Mr. Ghent reported back to the court that he had called and spoken with the secretary at the plaintiff's attorney's office, and was informed that no one intended to be present at the short calendar. The court then denied the plaintiff's motion for deficiency at Mr. Ghent's request. Now the plaintiff seeks a reconsideration of the court's ruling, denying the motion for deficiency.
The court does not feel that the plaintiff's attorney was entirely fair either with the court or with the defendants' attorney. The defendants' attorney could have been called at home. Certainly, a FAX at 9:30 a.m. would not be sufficient notice when short calendar was scheduled for 9:30 a.m. Even if Mr. Ghent went to his office prior to attending court, he would not have been notified of the plaintiff's attorney's problem. Given the history of this case and this particular motion, and in deference to this court, someone in the plaintiff's attorney's firm of sixty (60) lawyers should have appeared in court to explain the situation involving Attorney Kitteredge in order to seek the court's leave to continue the matter again.
Furthermore, the court does not accept the representation made by the plaintiff's counsel in its motion for reconsideration, dated January 25, 1994, that "the Clerk's office agreed to mark the matter over one week." Plaintiff's counsel should be aware that the Clerk's office has no authority to mark any matter over without the approval of the court, nor does the court believe that anyone in the Clerk's office made such a representation.
In any event, the court does not feel that the ends of justice would be furthered if the plaintiff did not have its CT Page 1614 opportunity to be heard. On the other hand, the defendants should be reimbursed for the expenses incurred in appearing in court on January 18, 1994. Accordingly, the court will impose and tax the plaintiff the sum of $300.00, said amount to be paid within fifteen (15) days from this date. The court will revoke its order, dated January 18, 1994, denying the plaintiff's motion for deficiency and direct that the Clerk schedule said motion for a hearing.
/s/ Pellegrino, J. PELLEGRINO